UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

METROPOLITAN LIFE INSURANCE
COMPANY,

        Plaintiff,                               Hon. Ellen S. Carmody

v.                                                   Case No. 1:10-cv-00290

CHRISTINE THOMAS and RONALD
RICHEY,

        Defendants.
_____/

## OPINION AND ORDER

### I.    Procedural Background

This interpleader action was brought by Metropolitan Life Insurance arising from a dispute between Ronald Richey and Christine Thomas as to the proper beneficiary of the life insurance benefits of Richard S. Thomas (the "Decedent"). MetLife and Forethought, the funeral expense claimant, have been dismissed from this action through a Stipulated Order (Doc #20) allowing MetLife to pay Forethought for the Decedent's funeral expenses in the amount of $9,370.31 and an Order (Doc #22) allowing MetLife to retain $1,350.00 from the Decedent's life insurance benefits to partially reimburse MetLife for its costs and attorney fees incurred in this action. The latter order allowed MetLife to pay the balance of the Decedent's life insurance benefits into the Registry of the Court and further discharges MetLife from liability regarding the Decedent's life insurance benefits.

II.   **Jurisdiction**

This Court has original jurisdiction over this action pursuant to 29 U.S.C. § 1132(e)(1) and 28 U.S.C. § 1331 (federal question) in that this matter relates to an employee welfare benefit plan and an employee pension benefit plan regulated by the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. § 1001, *et seq*. As such, this action arises under the laws of the United States and therefore raises a federal question. This Court's original jurisdiction is therefore founded upon ERISA § 502(e)(1), 29 U.S.C. § 1132 (e)(1). *See also* 28 U.S.C. § 1397. Further, this is an interpleader action pursuant to Rule 22 of the Federal Rules of Civil Procedure.

III.   **Findings of Fact and Law**

A non-jury trial was held in this matter on June 2 and 3, 2011. The court finds the following to be true. The latest beneficiary designation on file with the Plan for the Decedent is dated June 28, 2008, and names Ronald Richey as the sole primary beneficiary of the life insurance benefits. There is no question that the Decedent was competent as of June 28, 2008. Christine Thomas' theory was that the change of beneficiary on this date had been forged. The prior beneficiary designation form on file with the Plan is dated May 5, 2006, and names Christine Thomas as the sole primary beneficiary of the life insurance benefits.

The Decedent died on June 5, 2009. At the time of his death, the Decedent was enrolled under the Plan for life insurance coverage in the total amount of $36,744.00 (the "Plan Benefits"). The Plan Benefits became payable to the proper beneficiary upon the Decedent's death, pursuant to the terms of the Plan.

On June 8, 2009, Ronald Richey completed a statement of claim for the Plan Benefits. On or about June 9, 2009, Ronald Richey executed a funeral home assignment for $9,370.31 at the

Tiffany Funeral Home, which was reassigned to Forethought Capital Funding, Inc., on or about June 15, 2009. In an undated letter to MetLife, the Decedent's son, Michael Thomas, and the Decedent's other surviving children, Christine Thomas, William Thomas and Angela Thomas, contested Ronald Richey's claim for the Plan Benefits and stated that "we believe [the June 28, 2008, beneficiary designation form] was forged without our fathers [sic] knowing."

Christine Thomas bears the burden of proof of her assertion that the June 28, 2008, beneficiary designation of Ronald Richey is a forgery. The Plan at issue is an ERISA Plan. ERISA pre-empts state law to the extent its statutory provisions address the issue. However, ERISA does not contain any provisions regulating the question of beneficiary designations that are claimed to be forged. *Tinsley v. General Motors Corporation*, 227 F. 3d 700 (6th Cir. 2000). Nor is there any established federal common law in the 6th Circuit dealing with forgery. So this Court must look to State law principles for guidance. *Tinsley, supra*, at p. 704.

Forgery is defined as the making of a false document with the intent to deceive in a manner which exposes another to loss. *Marlo Beauty Supply, Inc. v. Farmers Insurance Group of Companies*, 2005 WL 1249249, Mich App Unpublished (and cases cited therein). Fraud must be established by clear and convincing evidence, rather than by a preponderance of the evidence. *Foodland Distributors v. Al-Naimi*, 220 Mich. App. 453, 457-459 (1996); *Jim-Bob, Inc. v. Mehling*, 178 Mich. App. 71, 90 (1989). See also, *Marlo Beauty Supply, supra* at p. 6.

The testimony by Ronald Richey establishes that Decedent changed the beneficiary designation to Ronald Richey in Mr. Richey's presence on June 28, 2008. Testimony further establishes that other witnesses were present at the time Decedent executed this change of beneficiary form. Further, testimony establishes that Decedent told other family members of ths

3

change of beneficiary to Mr. Richey. Thus, Christine Thomas has failed to produce clear and convincing evidence of forgery on the part of Mr. Richey. Therefore, Ronald Richey's request for judgment at the close of Christine Thomas' case was granted.

However, it is also clear from Christine Thomas' proofs that the Decedent always intended that his life insurance benefits be divided equally among his children. Therefore the Court will order that the proceeds of the life insurance, together with interest to the date of distribution, be distributed to James S. Jamo, Ronald Richey's attorney, impressed with a constructive trust to effectuate the parties' settlement agreement placed on the record in open court on June 3, 2011.

In *United States v. High Technology Products, Inc.*, 497 F.3d 637 (6th Cir. 2007), the court heard an appeal concerning an interpleader action brought pursuant to Rule 22. In that case, the court expressly stated that "*[i]nterpleader is an equitable proceeding* that 'affords a party who fears being exposed to the vexation of defending multiple claims to a limited fund or property that is under his control a procedure to settle the controversy and satisfy his obligation in a single proceeding.'" *Id.* at 641 (quoting Wright, Miller & Kane, Federal Practice and Procedure § 1704); *see also*, *Prudential Ins. Co. of America v. Hovis*, 553 F.3d 258 (3rd Cir. 2009) (in the context of a Rule 22 interpleader action, the court observed that "interpleader is an equitable proceeding").

In *Aaron v. Mahl*, 550 F.3d 659 (7th Cir. 2008), the court reviewed a decision in an interpleader action brought pursuant to 28 U.S.C. § 1335. *Id.* at 663 (noting that while the interpleader action was initially asserted under Rule 22, "the district court later permitted Merrill Lynch to proceed under statutory interpleader"). With respect to the nature of an interpleader action, the court stated that "*[i]nterpleader is an equitable procedure* used when the stakeholder is in danger of exposure to double liability or the vexation of litigating conflicting claims." *Id.*; *see also*,

*A & E Television Networks, LLC v. Pivot Point Entertainment, LLC*, - - - F.Supp.2d - - -, 2011 WL 941501 at *5 (with respect to an interpleader action brought under § 1335, the court observed that "it is well recognized that interpleader is an equitable remedy").

While the interpleader statute does not appear to authorize an award of attorney's fees, *see First Trust Corp. v. Bryant*, 410 F.3d 842, 855-56 (6th Cir. 2005), the Court nonetheless appears to possess the authority to award costs and fees when appropriate. *See, e.g., Holmes v. Artists Rights Enforcement Corp.*, 148 Fed. Appx. 252, 257 (6th Cir., July 13, 2005) ("in interpleader actions, the award of costs and attorneys fees is within the sound discretion of the court"); Wright, Miller & Kane, Federal Practice and Procedure § 1719 ("a federal court has discretion to award costs and counsel fees to the stakeholder in an interpleader action, whether brought under Rule 22 or the interpleader statute, whenever it is fair and equitable to do so"); *Sun Life Assurance Co. of Canada v. Sampson*, 556 F.3d 6, 8 (1st Cir. 2009) (same). In sum, while there may not be a statutory basis for awarding costs and fees in this matter, the Court possesses the authority under its equitable powers to award costs and fees when appropriate.

IV.   **Conclusion**

As previously noted, it was uncontroverted that Decedent consistently intended that his life insurance proceeds be distributed equally among his children pursuant to his will. Therefore, Ronald Richey, by his attorney, James S. Jamo, is ordered to distribute the funds as follows:

1.   The proceeds of the life insurance deposited in the court's account, together with interest to the date of distribution, shall be distributed to James S. Jamo, Ronald Richey's attorney, to be placed in his trust account, subject to a constructive trust as follows.

  2. Mr. Jamos' attorney fees and litigation expenses, as submitted by sworn affidavit, will be paid to him.

  3. One-sixth of the remainder will be distributed to April Richey.

  4. From the remainder, Christopher Mark Kroll's attorney fees and litigation expenses, as submitted by sworn affidavit, will be paid to him.

  5. From the remainder, $700.00 will be distributed to each side to defray travel expenses.

  6. Any remaining sum will be distributed equally among:

   Michael Thomas

   William Thomas

   Christine Thomas

   Angela Donato

   Cheryl Bunker and

   Ronald Richey.

**IT IS SO ORDERED**.

Date:  June 20, 2011          /s/ Ellen S. Carmody
                 ELLEN S. CARMODY
                 United States Magistrate Judge